**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

YELLOW BUS SERVICES, INC.      *

                                  *

        Plaintiff               *

                                  *

v.                                *     Civil No. PJM 05-1519

                                  *

DRIVERS, CHAUFFEURS & HELPERS  *

LOCAL UNION #639             *

                                  *

        Defendant            *

**MEMORANDUM OPINION**

Plaintiff Yellow Bus Services, Inc. brought this suit pursuant to § 301 of the Labor Management Relations Act (LMRA) seeking vacatur of an arbitral award ordering the reinstatement of its employee, Ernest Henderson, who it had discharged after he caused a bus accident. On December 28, 2005, after hearing oral argument on the parties' cross-motions for summary judgment, the Court denied Yellow Bus's Motion for Summary Judgment and granted Defendant Drivers, Chauffeurs and Helpers Local Union #639's ("Union") Cross-Motion for Summary Judgment. The Court rejected Yellow Bus's argument that the arbitral decision "failed to draw its essence" from the parties' Collective Bargaining Agreement (CBA), finding that the decision was based on a plausible interpretation of the CBA. Having prevailed on the merits, the Union has moved the Court to order Yellow Bus to pay its attorneys' fees.

Although § 301 of the LMRA does not expressly provide for attorneys' fees, a Court may award fees "against a party who, *without justification*, refuses to abide by the award of an arbitrator." *United Food & Commercial Workers, Local 400 v. Marval Poultry Co.*, 876 F.2d 349, 350 (4th Cir. 1989) (citation omitted) (emphasis in original). For the purposes of fee awards, the

Fourth Circuit has distinguished attacks on the merits of an arbitral award, e.g., arguing that the arbitrator got the facts wrong or that his interpretation of a collective bargaining agreement was incorrect, from challenges to arbitrability and charges that arbitral decisions fail to draw their essence from a collective bargaining agreement. While the former are "presumptively unjustified," the latter, because they "go to fundamental questions of the arbitrator's very power to act, must be considered 'justified'...unless there is literally no reasonably arguable legal support for them." *Id.* at 351 (citation omitted). The fact that the Court ruled against Yellow Bus does not in and of itself mean that Yellow Bus acted without justification. *See Westvaco Corp. v. United Paperworkers Int'l Union, Local 676*, 171 F.3d 971, 978 n.3 (4th Cir. 1999).

The Union argues that Yellow Bus's challenge to the arbitrator's decision was nothing more than a straightforward attack on the merits of the award, rather than a challenge "to threshold arbitrability or to a total departure from the labor contract's 'essence.'" *See Marval Poultry*, 876 F.2d at 352. While Yellow Bus may have characterized its arguments as the latter, the Union asserts that Yellow Bus "was clearly arguing that the Arbitrator erred in interpreting the relationship between the just cause and 'may be terminated' provisions" of the CBA. Thus, the Union argues that  Yellow Bus's refusal to abide by the arbitral decision was "presumptively unjustified."

The Court disagrees. The line between a straightforward attack on the merits of an arbitral award and a challenge to an award on grounds that it fails to draw its essence from a collective bargaining agreement is not so clear as the Union suggests. Because of the extremely high level of deference that arbitral awards are afforded, an arbitrator is nearly always found to be "interpreting" a collective bargaining agreement. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (U.S. 1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract

and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."). Thus, nearly any challenge to an arbitral award, no matter how characterized, may be said to be an attack on the arbitrator's "interpretation" of an agreement, i.e., an attack on the merits of the award. As the Union would have it, all such challenges would be "unjustified" and warrant a fee awards. This cannot be.

Yellow Bus's argument at summary judgment was distinguishable from the type of straightforward attack on the merits of an arbitral award that the Fourth Circuit has found unjustified. In *Marval Poultry*, the court found the employer's challenge unjustified because the employer sought to have the court decide issues that were not presented to the arbitrator[1] and because the employer directly attacked the arbitrator's failure to find just cause. *See Marval Poultry*, 876 F.2d at 352 ("[T]here is no 'arguable basis' here for the procedure by which Marval sought belatedly to challenge the remedial aspects of the awards."; "Marval overlooks that its challenge also sought to have the Rexrode award wholly vacated on the bald basis that the arbitrator had simply erred in finding no just cause for his discharge. This of course constituted a challenge to the merits of the most fundamental sort.").

By contrast, Yellow Bus's argument was that the arbitral decision failed to draw its essence from the CBA because the arbitrator ignored the Management Rights Clause of the CBA. By doing so, Yellow Bus claimed, the arbitrator exceeded his authority. According to Yellow Bus, the Management Rights Clause of the CBA vested it with sole authority to terminate employees for just

---

[1] The Union has made a similar argument. It argues that Yellow Bus improperly raised the issue of the arbitrator's lack of authority for the first time in this Court. However, Yellow Bus apparently made this argument to the arbitrator in its post-hearing brief, and, as Yellow Bus points out, it could not very well have challenged the arbitrator's decision before it issued.

cause.  *See* CBA Art. 4.2 ("The rights and responsibilities of the Company shall include...[the right

to] suspend, discipline, demote and discharge employees for just cause.").  Additionally, Yellow Bus

argued that the charge against Henderson was, by definition, just cause for termination under the

CBA.  *See id.* Art. 15.2 ("An employee may be terminated for any accident for which he or she is

charged that is clearly preventable involving either personal injury or substantial property

damage.").  Since the arbitrator determined that Henderson was guilty of the charges against him,

Yellow Bus argued that arbitrator was without authority to impose a penalty other than termination.


In support of its argument, Yellow Bus pointed to cases holding that an arbitrator is

prohibited from fashioning a remedy for employee misconduct where a collective bargaining

agreement vests the employer with the sole discretion to terminate the employee for that misconduct.

*See, e.g, S.D. Warren Co., v. United Paperworkers' Int'l Union, Local 1069*, 845 F.2d 3, 8 (1st Cir.

1988) ("Nothing is left to the arbitrator's judgment except determining whether the rules are

violated.  An uncomplicated reading of the contract reveals that management has the sole right to

discharge employees for cause, the definition of which includes possession of marijuana on Mill

property.  It is not a question of a strained interpretation by the arbitrator with which we might agree

or disagree, but rather a reading of the plain language of the contract which removes from the

arbitrator the authority to determine a remedy once she concludes that a certain rule has been

breached."); *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 610

(4th Cir. 1996); *Delta Queen S.B. Co. v. District 2 Marine Engineers & Beneficial Assn.*, 889 F.2d

599, 604 (5th Cir. 1989).  While the Court ultimately found these cases distinguishable, they

certainly provide "reasonably arguable legal support" for Yellow Bus's position.  *Marval Poultry*

*Co.*, 876 F.2d at 351.

This conclusion is further supported by the Fourth Circuit's decision in *Media General Operations, Inc. v. Richmond Newspapers Professional Ass'n*, 2002 U.S. App. LEXIS 10947 (4th Cir. 2002). In *Media General*, the employer relied on the same cases to argue that the arbitrator's decision failed to draw its essence from the collective bargaining agreement. *See id.* at *8 ("Because the collective bargaining agreement expressly provides that gross misconduct *shall* constitute just and sufficient cause for discharge, Media General contends that the arbitrator violated the plain language of the collective bargaining agreement when he refused to uphold the termination." (citations omitted)). The Fourth Circuit rejected this argument, holding, much as this Court did in the instant case, that the arbitrator's decision was an attempt to harmonize two provisions of the collective bargaining agreement. *Id.* at *14. Turning to the question of fees, the court, with little discussion, concluded that the employer's challenge was sufficiently justified. *Id.* at *17-19. Given the similarity of the two cases, this Court cannot see how a different result should obtain here.[2]

Accordingly, the Union's Motion for Attorney Fees [Paper No. 21] is DENIED.

A separate Order shall be ENTERED.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 11, 2006**

---

[2]    The Union argues that the Fourth Circuit's refusal to award fees in *Media General* and *Westvaco* are of no moment because its rejection of the employer's argument in *Media General*, and of a similar argument in *Westvaco*, put Yellow Bus on notice that its challenge to the award was frivolous. The Court disagrees. The authorities on which Yellow Bus relied remain good law and the question of whether an arbitrator has the authority to fashion a remedy for employee misconduct in the face of language that appears to grant the employer sole discretion to terminate for such misconduct is not so clearly settled that Yellow Bus's suit was frivolous.